NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMEH SAMI S. KHOUZAM, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> ALBERTO GONZALEZ, MICHAEL A. : <br> GARCIA, JOHN P. CARBONE, and : <br> EDMOND C. CICCI : <br> : <br> Respondents. : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 05-CV-2443 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Petitioner Sameh Sami S. Khouzam's ("Petitioner" or "Khouzam") motion for the issuance of a preliminary injunction. No oral argument was heard pursuant to Rule 78. For the reasons set forth below, Petitioner's motion is **denied.**

## BACKGROUND

Petitioner is a 36-year old native and citizen of Egypt. (Pet ¶6). He arrived at John F. Kennedy Airport on February 11, 1998, seeking asylum. (Id.) Petitioner was denied admission to the United States because the State Department cancelled his non-immigrant visa during his flight from Egypt, after receiving notification that the Petitioner was charged for murder in Egypt. (Pet. ¶8.) Petitioner has been in the custody of the United State government since his arrival at the United States. (Id.) He was first taken into the custody of Bureau of Immigration

1

and Customs Enforcement (ICE) and held as an inadmissible alien under 8 U.S.C. § 1231(a)(6). (Pet. ¶12). Petitioner was then ordered removed on May 4, 1998. (Id.) The Board of Immigration Appeals ("BIA") affirmed the immigration judge's (IJ) decision on January 4, 1999. (Id.) Petitioner filed a Petition for Review in the United States Court of Appeals for the Second Circuit. (Id.) In addition, Petitioner a filed a motion with the BIA to reopen the proceedings. The proceedings were reopened and the BIA remanded the case to the IJ on July 26, 1999. (Id.) The Petition for Review was withdrawn. (Id.) On January 14, 2000, the IJ granted Petitioner relief pursuant to the Convention Against Torture (CAT). (Id.) This decision became final when the BIA affirmed the IJ's decision. (Id.) Petitioner then reinstated the Petition for Review. (Id.) The BIA again remanded the matter to determine whether there was reason to believe that the Petitioner committed a serious non-political crime. (Id.) The IJ found that there was serious reason to believe that the Petitioner committed a serious non-political crime, and the BIA affirmed on March 7, 2002. (Id.)

The ICE filed a motion to reconsider the BIA's decision of July 24, 2000 granting deferral of Petitioner's removal under the CAT. (Id.) On May 7, 2002, the BIA vacated its July 24, 2000 decision and ordered Petitioner removed from the United States. (Id.) Petitioner filed a Petition for Review before the Second Circuit Court of Appeals. (Id.) On February 24, 2004, the Second Circuit entered a final order of removal to Egypt, but granted relief from removal pursuant to CAT, on the grounds that there is a substantial likelihood that, were Petitioner to return to Egypt, he would be tortured in an attempt to extract a confession for the murder charge. (Id.) Petitioner's custody was reviewed on June 14, 2004, at which time Petitioner was served with a written decision ordering his continued detention. (Pet ¶13).

On August 24, 2004, jurisdiction of the custody decision in Petitioner's case was transferred to the Headquarters Post-Order Detention Unit of ICE. (HQPDU). (Pet. ¶14.) In March 2005, pursuant to 8 C.F.R. § 241.13(b)(2)(ii), the HQPDU conducted a review of Khouzam's custody status. (Id.) On March 25, 2005, the HQPDU issued a decision to continue detention based, *inter alia*, on grounds that Petitioner's removal would be significantly likely in the reasonably foreseeable future. (Id.) There is no administrative appeal from the March 25, 2005 decision. See 8 C.F.R. 241.13(g)(2).

On May 9, 2005, Petitioner filed a habeas corpus petition for relief pursuant to 28 U.S.C. § 2241 challenging his continued detention. On July 1, 2005, Petitioner filed the instant motion for issuance of a preliminary injunction. On July 25, 2005, Respondents filed opposition to Petitioner's motion, and Petitioner filed a reply brief on August 3, 2005. Petitioner moves for the issuance of a preliminary injunction ordering his immediate release from custody of the ICE pending the resolution of his writ for habeas corpus pending before this Court.

## DISCUSSION

*Standard*

Injunctive relief is an extraordinary remedy that should be granted only in limited circumstances. AT& T Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-1427 (3d Cir.1994) (internal citations omitted). A district court must weigh four factors in deciding whether to issue a preliminary injunction: 1) movant's reasonable probability of success on the merits; 2) potential that the movant will be irreparably injured by denial of the relief; 3) potential that granting preliminary relief will result in even greater harm to the nonmoving party; and 4) whether an injunction is in the public interest. Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d

153, 158-159 (3d Cir. 1999) (citations omitted). The injunction should issue only if the movant produces evidence sufficient to convince the district court that all four factors favor preliminary relief. AT&T, 42 F.3d at 1427.

*Probability of Success on the Merits*

Petitioner argues that there is a substantial likelihood that he will succeed on the merits of his petition for habeas corpus. The gravamen of Khouzam's petition is that his continuous detention is unlawful under 8 U.S.C. § 1231(a)(6). Petitioner contests the fact that he has been detained since February 1998, a period of around seven years, as well as the fact that his removal has not yet been effectuated. Respondents contend that Khouzam's continued detention is lawful, and his removal is possible within the reasonably foreseeable future.

Congress provided procedures governing the detention and removal of inadmissible aliens in 8 U.S.C. § 1231. According to that section, the Attorney General must remove an alien who has been ordered removed from the United States within 90 days, during which time detention is mandatory. 8 U.S.C. § 1231(a)(1)(A), (a)(2). For aliens who are not serving criminal sentences, the "removal period" begins on the later of either the date on which the order of removal becomes administratively final, or the date of the final order of a reviewing court. 8 U.S.C. § 1231(a)(1)(B). In Zadvydas v. Davis, 533 U.S. 678, 689 (2001), the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) to authorize the continued detention of legal permanent resident aliens beyond the mandated 90-day removal period, but only for as long as is "reasonably necessary" to effectuate their removal from the country. The Supreme Court extended its interpretation of Section 1231(a)(6) to inadmissible aliens, such as Khouzam, in Clark v. Martinez, 543 U.S. 371 (2005). In Zadvydas, the Supreme Court explained that "once

removal is no longer reasonably foreseeable, continued detention is no longer authorized." 533 U.S. at 699.  The Court construed section 1231(a)(6) to limit post-removal order detention to a presumptively reasonable period necessary to bring about the alien's removal, generally no more than six months.  Id.  After six months, the alien is eligible for conditional release if he can demonstrate good reason to believe that there is "no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.  However, the Court noted, "[t]his six-month presumption does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 705.

Under Zadvydas, a petitioner may apply for habeas review after six months detention following a final and executable removal order.  Id. at 705.  Upon petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future, the burden shifts to the Government to respond with evidence sufficient to rebut that showing.  Id. at 701.  Here, Khouzam's final order of removal was entered by the Second Circuit on February 24, 2004, but deferred pursuant to the CAT.  Under Clark and Zavydas, the presumptively valid period of detention for Petitioner ended on or around September 2004.  As such, under current immigration law Petitioner should be released unless the government can show there is a significant likelihood of removal in the reasonably foreseeable future.

Petitioner argues that no significant likelihood exists here.  Specifically, Petitioner states that he cannot be removed to Egypt because the reasons for the deferral order have not changed since the Second Circuit issued its decision.  Furthermore, Petitioner states that the government has provided him with no indication that it made any progress whatsoever in securing a third

5

country to accept him.

Respondents state that the decision for Khouzam to remain in continued detention is based on the fact that DHS has been working with the State Department to seek diplomatic assurances from the Government of Egypt regarding Khouzam's treatment if returned to that country.  Due to these ongoing discussions, ICE continues to believe that it will be able to complete the removal of Khouzam in the immediate future.  Respondents state that this Court should prevent the respondents from continuing Khouzam's detention while the final details of his repatriation are worked out.  Respondents do not provide specific details of these negotiations on the grounds that they are of a highly sensitive nature and cannot be disclosed by the State Department.  (Resp. Br. at 11, fn.4).  In addition, Respondents highlight the following: 1) Khouzam has no lawful status in the United States 2) deferral of removal does not entitle him to being released from custody; and 3) his case has been reviewed several times with the conclusion that he should not be released because he is a flight risk and a danger to the community.

At this point, Petitioner has not convinced the Court that Respondent's conduct is unlawful.  As such, and in light of the extraordinary nature of injunctive relief, the Court finds that this factor does not weigh in favor of granting injunctive relief.

*Potential Irreparable Injury*

The Court is not without sympathy for Mr. Khouzam's situation.  The fact that Khouzam has been detained for over seven years without knowledge of the date of his future removal or release is undoubtedly the cause of great emotional strain.  As such, this factor weighs in favor of injunctive relief.

*Potential Harm to Government*

Respondents aver that the release of Khouzam would cause great harm to the government because he is a flight risk and a danger to the community. Furthermore, it must be noted that Respondents claim to have serious reasons to believe that Khouzam has committed a serious non-political crime outside the United States. As such, this factor weighs in favor of the Respondents and against granting of injunctive relief.

*Public Interest*

Petitioner argues that the public interest would be served by his release because his continued detention offends fundamental principles of liberty such as freedom from imprisonment. Pet. Brief at 13, citing Zavdydas, 533 U.S. at 690. Respondents argue that Khouzam's relief is not in the public interest because he is believed to be flight risk and a danger to the community. In light of the fact that Khouzam is still being sought by Egyptian authorities in connection with a homicide allegedly committed in Egypt, the Court finds that the public interest does not weigh in favor of Khouzam's release.

*Summary*

The Court has considered each of the four factors discussed above. Because the majority of the factors weight against the granting of injunctive relief, Petitioner's motion must be denied.

## CONCLUSION

Based on the foregoing, Petitioner's motion for preliminary injunction is **denied**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        January 11, 2006
Original:    Clerk's Office
cc:          All Counsel of Record
             File